AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

Ashanti Douglas (professionally known as
"Ashanti")

**SUMMONS IN A CIVIL CASE**

### V.

CASE NUMBER:

T.E.A.M Entertainment Inc., Genard Parker, ZYX
Music GmbH u. Co KG, Big Records Australia Pty
Ltd., Farm Records, Rajon Distribution Pty Ltd.,
Simply Vinyl Records, Unique Corp., Ltd., et al

# 06 CV 0675

## JUDGE SWAIN

TO: (Name and address of defendant)

T.E.A.M. Entertainment Inc., 3596 River Mill Court, Ellenwood, GA 30294-1361, Genard Parker, 3596 River
Mill Court, Ellenwood, GA, 30294-1361, ZYX Music GmbH u. Co KG, BenzstraBe 1 / Industriegebiet, 35799
Merenberg, Germany, Big Records Australia Pty Ltd., 114 Alexander Street, Crows Nest NSW 2065,
Australia, Farm Records, FARM, Inc., Umehara Bldg, Number 2 Bldg, 4th fl.,3-1-29 Roppongi, Minato Ward,
Toyko, Japan, Rajon Distribution Pty Ltd, 114 Alexander Street, Crows Nest NSW 2065, Australia, Simply
Vinyl Records, Unit 4, The Pavilions, 2 East Road, South Wimbledon, London, SW19, 1UW, Unique Corp.,

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Alan Kaminsky, Esq.,
William Archer, Esq. (pro hac vice admission required),
Karen L. Campbell, Esq.,
LEWIS BRISBOIS BISGAARD & SMITH, LLP, 199 Water St., 25th fl., NY, NY 10038

an answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

CLERK

JAN 2 7 2006

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐    Served personally upon the defendant. Place where served: _____
_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐    Returned unexecuted: _____
_____
_____

☐    Other *(specify):* _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
          Date                                 Signature of Server

                                _____
                                Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**06 CV 0675**

Ashanti Douglas (professionally known as "Ashanti"),

CIVIL ACTION NO.

              Plaintiff,

v.

T.E.A.M. Entertainment, Inc.; Genard Parker; ZYX Music GmbH u. Co KG; Big Records Australia Pty Ltd.; Farm Records; Rajon Distribution Pty Ltd.; Simply Vinyl Recordings, Ltd.; Unique Corp., Ltd.; and Does 1 through 10, inclusive,

              Defendants.

**COMPLAINT FOR:**

(1)    **INVASION OF PRIVACY (N.Y. CIVIL RIGHTS LAW §§50 and 51);**

(2)    **INVASION OF PRIVACY (N.Y. CIVIL RIGHTS LAW §§50 and 51);**

(3)    **INVASION OF PRIVACY (N.Y. CIVIL RIGHTS LAW §§50 and 51);**

(4)    **INVASION OF PRIVACY (N.Y. CIVIL RIGHTS LAW §§50 and 51);**

(5)    **FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a));**

(6)    **TRADEMARK INFRINGEMENT (15 U.S.C. §§1114, 1116 and 1117);**

(7)    **UNFAIR COMPETITION UNDER NEW YORK COMMON LAW;**

(8)    **TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION; AND**

(9)    **DECLARATORY JUDGMENT**

**JURY TRIAL DEMANDED**



RECEIVED
JAN 27 2006
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff Ashanti Douglas (professionally known as "Ashanti") (hereinafter, "Ashanti"),

by and through her undersigned counsel, Lewis Brisbois Bisgaard & Smith LLP, for her

complaint against the above listed defendants, alleges upon personal knowledge and upon

information and belief as follows:

## INTRODUCTION.

1.      Ashanti Douglas was a girl from Glen Cove, New York, who had a dream of

becoming a dancer and recording artist. As a teenager, she poured her heart, soul and energy into

practicing and studying. She overcame tremendous obstacles and early rejection and, in 2002,

released her first album, "Ashanti". That album debuted at No. 1 on the Billboard top 100 album

chart, won a Grammy Award and has sold over four million copies. The albums Ashanti has

released over the past four years have sold over 10 million copies worldwide. Ashanti is now an

internationally known, multi-talented singer, songwriter, recording artist, actress and dancer.

Because of her talent, hard work and respect for both her art and her fans, Ashanti has fans

around the world who eagerly await the next new Ashanti album.

2.      Beginning last year, it looked like those fans were about to get their wish.

Companies based in Germany, Japan, England and Australia started selling what appeared to be

"the new Ashanti album" – an album or CD with the name "Ashanti" in large print on the cover

along with an unmistakable photograph of Ashanti. (Different distributors have used different

cover photos, but in each case there could be no doubt whose picture was on the album.) Far

from being a new Ashanti album, however, "Can't Stop" is a collection of demos recorded over

eight years ago, mostly by defendants Genard Parker ("Parker") and T.E.A.M. Entertainment,

Inc. ("T.E.A.M."). Parker and T.E.A.M. were supposed to record demos for the then 16-year old

Ashanti to use to try to obtain a major label record deal. Those demos were never intended to be

released on an album and Ashanti never authorized their release. Nor did Ashanti authorize

T.E.A.M. or Parker to use her name or the photographs they and the other defendants are using in

connection with the various editions of "Can't Stop". Despite the fact that the demos are over

eight years old, the defendants are using much more recent photographs of Ashanti on the album, thereby further reenforcing the false impression that this is a new Ashanti album. Moreover, on two of the tracks on this "Ashanti album" Ashanti sings only <u>background</u> vocals; on another track, she does not sing <u>at all</u>. A fourth track is only a few words from one of the prior tracks, looped to play over and over. In short, the defendants are using Ashanti and her good will to try to make a fast buck at the expense of Ashanti and her fans.

3.    Defendants' distribution of the various editions of the "Can't Stop" album, including their unauthorized use of Ashanti's name and photographs, constitutes invasion of privacy under New York Civil Rights Law §§50 and 51, false designation of origin under the Lanham Act (15 U.S.C. §1125(a)), trademark infringement (under 15 U.S.C. §§1114, 1116 and 1117) and unfair competition under New York common law. Ashanti is entitled to injunctive relief, compensatory damages (including but not limited to all profits of defendants from the "Can't Stop" albums, Ashanti's lost profits and damages to reputation) in an amount in excess of $1,000,000, treble damages, attorneys' fees and costs.

### THE PARTIES.

4.    Plaintiff Ashanti is a singer, songwriter, actor and Grammy Award-winning recording artist. Ashanti resides in the Roslyn area of New York.

5.    Defendant T.E.A.M. is, upon information and belief, a privately owned corporation incorporated in the State of Virginia with its principal place of business in Ellenwood, Georgia.

6.    Defendant Parker is an individual who, upon information and belief, resides in Ellenwood, Georgia.

7.    Ashanti is informed and believes that defendant ZYX Music GmbH u. Co KG ("ZYX") is a German corporation with its principal place of business in Merenberg, Germany.

8.    Ashanti is informed and believes that defendant Big Records Australia Pty Ltd. ("Big Records") is a privately held corporation with its principal place of business in Crowsnest, Australia.

9.    Ashanti is informed and believes that defendant Farm Records ("Farm") is business entity of unknown form with a principal place of business in Tokyo, Japan.

10.    Ashanti is informed and believes that defendant Rajon Distribution Pty Ltd. ("Rajon") is a privately held corporation with its principal place of business in Crowsnest, Australia.

11.    Ashanti is informed and believes that defendant Simply Recordings, Ltd ("Simply Recordings") is a business entity of unknown form with its principal place of business in London, England.

12.    Ashanti is informed and believes that defendant Unique Corp., Ltd., ("Unique") is a corporation with its principal place of business in London, England.

13.    Ashanti is presently unaware of the true names and identities of defendants "Does 1 - 10" herein, but is informed and believes that persons and entities in addition to the specifically named defendants herein are legally liable for matters alleged in this complaint. Ashanti will amend or seek leave to amend this complaint as appropriate to add additional specific defendants upon determining the true names and identities of the "Doe" defendants.

## JURISDICTION AND VENUE.

14.    Jurisdiction of this action is premised upon 28 U.S.C. §§1331, 1332(a) and

1338(a). This action arises, *inter alia*, under the Lanham Trademark Act of 1946 ("Lanham

Act") (15 U.S.C. §1051, et seq.)   This Court has supplemental jurisdiction over the state law

claims pursuant to 28 U.S.C. §1367.   This Court also has original jurisdiction over the state law

claims pursuant to 28 U.S.C. §1332(a) because plaintiff is a citizen of the State of New York and

defendants are citizens of Georgia, Germany, Australia, Japan and the United Kingdom; and the

matter in controversy exceeds $75,000, exclusive of interest and costs.

   15.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C.

§139(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred

in this District.

## BACKGROUND.

   16.    Defendant ZYX is manufacturing and/or distributing an edition of the "Can't

Stop" album (the "ZYX Edition") on and in which ZYX is using the name and registered

trademark ASHANTI and photographs of Ashanti for advertising or for the purposes of trade

without Ashanti's consent.

   17.    Defendant Big Records is manufacturing an edition of the "Can't Stop" album

(the "Big Records Edition") on and in which Big Records is using the name and registered

trademark ASHANTI and photographs of Ashanti for advertising or for the purposes of trade

without Ashanti's consent.

   18.    Defendant Rajon is distributing an edition of the "Can't Stop" album (the "Rajon

Edition") on and in which Rajon is using the name and registered trademark ASHANTI and

photographs of Ashanti for advertising or for the purposes of trade without Ashanti's consent.

   19.    Defendant Farm is manufacturing and/or distributing an edition of the "Can't

Stop" album (the "Farm Edition") on and in which Farm is using the name and registered trademark ASHANTI and photographs of Ashanti for advertising or for the purposes of trade without Ashanti's consent.

20.    Defendants Simply Recordings and Unique are manufacturing and distributing an edition of the "Can't Stop" album (the "Simply Recordings Edition") on and in which Simply Recordings and Unique are using the name and registered trademark ASHANTI and photographs of Ashanti for advertising or for the purposes of trade without Ashanti's consent.

21.    All manufacturing and distribution of all editions of the "Can't Stop" album have been and are being done in conjunction and cooperation with defendants Parker and T.E.A.M.

22.    This is an action for violation of the Lanham Act for the production, distribution and sale of an album containing "demo" recordings recorded by Ashanti over eight years ago for the purpose of assisting her in obtaining a major label recording contract pursuant to which other recordings of Ashanti's performances would be made and distributed to the public. Defendants, instead, have taken those early demo recordings and placed them on compact disks ("CDs"), cassette tapes and/or vinyl albums (together "albums") that are now being sold directly to the public with packaging that includes Ashanti's name and photographs, all without Ashanti's authorization. Defendants' actions constitute, *inter alia*, a false and misleading description of fact which is likely to cause confusion, mistake or deceive the public in commercial advertising and further misrepresents the nature, characteristics and qualities of the product and commercial activity. Defendants' conduct also constitutes an infringement of Ashanti's federally registered trademark ASHANTI and violates New York's privacy statute, New York Civil Rights Law §§50 and 51.

4817-1350-9376.1                                        -6-

## FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY (N.Y. CIVIL RIGHTS LAW §§50 AND 51) WITH RESPECT TO THE ALBUM AS PUBLISHED AND DISTRIBUTED BY ZYX.

### (Against Defendants Parker, T.E.A.M. and ZYX)

23.    Ashanti realleges and incorporates paragraphs 1- 21as if fully set forth herein.

24.    Ashanti is informed and believes that the ZYX Edition of "Can't Stop" has been offered for sale in New York by ZYX beginning within one year of the date of this complaint.

25.    As a direct and proximate result of such conduct by ZYX, Parker and T.E.A.M., Ashanti has suffered damages including damages to her reputation and lost profits.

26.    ZYX, Parker and T.E.A.M. have knowingly used Ashanti's name and photographs for the purposes of trade without Ashanti's  prior written consent, thereby entitling Ashanti to an award of exemplary damages.

## SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY (N.Y. CIVIL RIGHTS LAW §§50 AND 51) WITH RESPECT TO THE ALBUM AS PUBLISHED AND DISTRIBUTED BY BIG RECORDS.

### (Against Defendants Parker, T.E.A.M., Big Records and Rajon)

27.    Ashanti realleges and incorporates paragraphs 1 - 25 as if fully set forth herein.

28.    Ashanti is informed and believes that the Big Records Edition of "Can't Stop" has been offered for sale in New York by Big Records and Rajon beginning within one year of the date of this complaint.

29.    As a direct and proximate result of such conduct by Big Records, Rajon, Parker and T.E.A.M., Ashanti has suffered damages including damages to her reputation and lost

profits.

30.     Big Records, Parker and T.E.A.M. have knowingly used Ashanti's name and

photographs for the purposes of trade without Ashanti's prior written consent, thereby entitling

Ashanti to an award of exemplary damages.

## THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY (N.Y. CIVIL RIGHTS LAW §§50 AND 51) WITH RESPECT TO THE ALBUM AS PUBLISHED AND DISTRIBUTED BY FARM.

### (Against Defendants Parker, T.E.A.M. and Farm)

31.     Ashanti realleges and incorporates paragraphs 1 - 29 as if fully set forth herein.

32.     Ashanti is informed and believes that the Farm Edition of "Can't Stop" has been

offered for sale in New York by Farm beginning within one year of the date of this complaint.

33.     As a direct and proximate result of such conduct by Farm, Parker and T.E.A.M.,

Ashanti has suffered damages including damages to her reputation and lost profits.

34.     Farm, Parker and T.E.A.M. have knowingly used Ashanti's name and

photographs for the purposes of trade without Ashanti's prior written consent, thereby entitling

Ashanti to an award of exemplary damages.

## FOURTH CAUSE OF ACTION FOR INVASION OF PRIVACY (N.Y. CIVIL RIGHTS LAW §§50 AND 51) WITH RESPECT TO THE ALBUM AS PUBLISHED AND DISTRIBUTED BY SIMPLY VINYL.

### (Against Defendants Parker, T.E.A.M., Unique and Simply Recordings)

35.     Ashanti realleges and incorporates paragraphs 1 - 33 as if fully set forth herein.

36.     Ashanti is informed and believes that the Simply Recordings Edition of "Can't

Stop" has been offered for sale in New York by Simply Recordings and Unique beginning within

one year of the date of this complaint.

37.    As a direct and proximate result of such conduct by Simply Recordings, Parker and T.E.A.M., Ashanti has suffered damages including damages to her reputation and lost profits.

38.    Simply Recordings, Parker and T.E.A.M. have knowingly used Ashanti's name and photographs for the purposes of trade without Ashanti's prior written consent, thereby entitling Ashanti to an award of exemplary damages.

### FIFTH CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)).

**(Against All Defendants)**

39.    Ashanti realleges and incorporates paragraphs 1 - 37 as if fully set forth herein.

40.    Ashanti's claim arises under §43(a) of the Lanham Act (15 U.S.C. §1125(a)) which prohibits the sale of any goods in commerce which contain false designation of origin or false description, nature, characteristics or presentations of any goods or service in commerce.

41.    Defendants, by trading off the good will, fame, and international celebrity status of Ashanti, are misrepresenting to the general public the origin, nature, quality and source of their respective editions of the "Can't Stop" album so as to create the likelihood of confusion or mistake by the ultimate purchaser as to both source and sponsorship. By producing, marketing and selling old demo recordings with more recent photographs, defendants are representing to the public that "Can't Stop" is a "new" Ashanti album and defendants are engaged in direct commercial competition with Ashanti sufficient to generate a reasonably protectable interest under the Lanham Act. Defendants' activities constitute express and implied false or misleading representations or descriptions of facts as this "new" album was not authorized by Ashanti,

contains early demo recordings that were never intended to be on albums distributed to the public and includes several tracks on which – contrary to what the album name and cover would lead one to believe – Ashanti performs only background vocals or not at all. Defendants' false or misleading representations in descriptions contained on the album cover will lead the public to believe that defendants' product is an Ashanti solo album embodying Ashanti's current arrangements and vocal styling of songs selected by her, as opposed to old demo recordings selected and remixed by someone else without her approval or authority and on which she sometimes performs only background vocals. The use of more current photographs and the absence of any explanation on the outside of the CDs (which generally are sold in shrink-wrapped plastic to prevent potential customers from opening them prior to purchase) only exacerbate the likelihood of confusion. Nothing on the packaging explains to consumers that the recordings are over eight years old and from demos that were not intended to be released to the public. (The back covers of some editions contain small print stating "All tracks recorded in 1997" but this is insufficient to dispel the likely confusion. Also inadequate is a small transparent sticker apparently placed on the removable shrink wrap on the Simply Recordings Edition which, in small print, states that the "album" was recorded in 1997 but falsely describes "Can't Stop" as "Ashanti's first studio album" and describes the over 8 year old demos as "Ten brand new … songs".) Defendants' false and misleading descriptions of facts or misleading representations of fact are likely to cause confusion, or to cause mistake, or to deceive as to the connection or association of defendants with Ashanti.

42.    Defendants' false or misleading descriptions of facts or misleading representations of facts have caused and will cause Ashanti commercial injury and harm in the retail record

market to the commercial advantage of defendants.

43.    The aforesaid acts of defendants are in violation of Section 43(a) of the Lanham Act in that defendants are using in connection with goods and services, a false designation of qualities and characteristics and a false description or presentation in advertising and are causing said goods to enter into interstate commerce.

44.    As a direct and proximate result of defendants' illegal activities, Ashanti has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial but estimated to exceed $1,000,000.

45.    Ashanti has no adequate remedy at law.  If defendants' activities are not restrained and enjoined, Ashanti will suffer irreparable harm and injury as a result thereof.

### SIXTH CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT (15 U.S.C. §§1114, 1116 AND 1117).

46.    Ashanti realleges and incorporates paragraphs 1 - 44 as if fully set forth herein.

47.    This count arises under §§32, 33 and 35 of the Lanham Act (15 U.S.C. §§1114, 116 and 1117).

48.    Since 2002, Ashanti has continuously used the mark ASHANTI in commerce in connection with sound recordings, videos and entertainment services.  She also has been the owner of the federally registered mark ASHANTI for sound and video recordings and entertainment services since May 31, 2005.  Defendants' use, whether willful or not, and threatened continued use of marks which are identical to the federally registered ASHANTI mark constitutes use of a reproduction, counterfeit, copy, or colorable imitation of the registered marks in connection with the sale, offering for sale, distribution and advertising of goods.

49.    Defendants' activities are in violation of §§32, 34 and 35 of the Lanham Act (15, U.S.C. §§1114, 1116 and 1117).

50.    As a direct and proximate result of defendants' illegal activities, Ashanti has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

51.    Ashanti has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION FOR UNFAIR COMPETITION UNDER NEW YORK COMMON LAW.

### (Against All Defendants)

52.    Ashanti realleges and incorporates paragraphs 1 - 50 as if fully set forth herein.

53.    In performing the acts described hereinabove, defendants have in bad faith misappropriated the labors and the expenditures of Ashanti and defendants' actions and the various editions of "Can't Stop" are likely to cause confusion or to deceive purchasers as to the origin of the  goods.

54.    As a direct and proximate result of defendants' unfair competition, Ashanti has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

55.    Ashanti has no adequate remedy at law.

## EIGHTH CAUSE OF ACTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION.

### (All Defendants)

56.    Ashanti realleges and incorporates paragraphs 1 - 54 as if fully set forth herein.

57.    Defendants' attempts to manufacture, distribute and sell the "Can't Stop" album as

a new Ashanti album will cause Ashanti irreparable harm because such false and misleading repackaging will damage the reputation and goodwill of the Ashanti name and hinder sales of the authorized Ashanti albums.

58.     Irreparable harm is eminent and real because Defendants have already manufactured and are selling that false and misleading album.

## NINTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT.

### (All Defendants)

59.     Ashanti realleges and incorporate paragraphs 1- 57 as if fully set forth herein.

60.     Pursuant to 28 U.S.C. §2201:

> "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested parties seeking such declaration, whether or not further relief is or could be sought . . . ." 28 U.S.C. §2201.

61.     An actual controversy has arisen and now exists between plaintiff and defendants regarding their respective rights and obligations with respect to the "Can't Stop" album. Ashanti contends among other things:

A.     That Ashanti is, at a minimum, the co-author of the sound recordings of all songs on the "Can't Stop" album (and the co-owner of the copyrights in those sound recordings) with the exception of "Baby Baby (Red Rhythm Radio Edit)";

B.     That Ashanti is, at a minimum, the co-author of the following musical compositions embodied on the "Can't Stop" album (and the co-owner of the copyrights in those compositions): "Can't Stop", "Come to Me", "Baby Baby" and "You Always Seem

to Make Me Feel";

      C.     That defendants are required to provide an accounting of all "Can't Stop" albums (and any singles or compilations therefrom) that have been produced, distributed and/or sold by them and to compensate Ashanti for all damages resulting therefrom;

      D.     That defendants are required to immediately recall and destroy all "Can't Stop" albums (and any singles or compilations therefrom) that have been shipped to wholesalers and retailers, but not yet purchased by consumers; and

      E.     That Ashanti is entitled to preliminary and permanent injunctive relief enjoining defendants, their agents, servants, employees, officers, attorneys, licensees, successors and assigns, and all persons aiding and abetting, acting under or on their behalf, or in concert with them, and those having actual notice of said order, from manufacturing, distributing, selling, offering for sale, holding for sale, advertising or otherwise exploiting the "Can't Stop" album (and any singles or compilations therefrom) in any manner, or at all and from any further use of Ashanti's name or likeness without her express consent.

62.     A judicial declaration is necessary and appropriate to determine and clarify the parties' respective rights and obligations with respect to the "Can't Stop" album (and any singles or compilations therefrom), Ashanti's name and photographs of Ashanti.

WHEREFORE, Ashanti respectfully requests that this Honorable Court grant the following relief:

      A.     That Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons aiding and abetting, acting under Defendants, on their behalf, or in

4817-1350-9376.1             -14-

concert with them, and those having actual notice of said order be enjoined preliminarily until hearing and permanently thereafter from:  Manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any record with Ashanti's name on the cover and/or advertising Ashanti's vocal recordings, or any colorable imitations thereof, or any which will cause confusion as to source, sponsorship or affiliation, including representing that any album manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Ashanti (including "Can't Stop" and any singles or compilations there from) and from using Ashanti's name or photographs without her permission;.

B.    That after a hearing on the merits, this Court issue a Preliminary and then a Permanent Injunction restraining Defendants and others referred to herein and above from manufacturing, distributing, selling, offering for sale, offering for sale, holding for sale, or advertising any "Can't Stop" albums (and any singles or compilations there from) and from using Ashanti's name or photographs without her permission;

C.    Requiring Defendants to immediately recall and destroy all "Can't Stop" albums (and any singles or compilations there from) that have been shipped to wholesalers and retailers but not yet purchased by consumers;

D.    Compensatory damages including but not limited all profits of defendants from the "Can't Stop" albums (and any singles or compilations therefrom), Ashanti's lost profits and damage to reputation, in an amount in excess of One Million Dollars ($1,000,000.00);

E.    Accounting of all "Can't Stop" albums (and any singles or compilations therefrom) produced, distributed, or sold;

F.    Attorneys fees and costs; and

4817-1350-9376.1                        -15-

G.     Such other and further relief as this Honorable Court deems to be reasonable,

necessary and just.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: January 27, 2006      Respectfully submitted,

BY: _____

Alan Kaminsky (AK7749)
Karen L. Campbell (KLC 1962)
LEWIS BRISBOIS BISGAARD & SMITH LLP
199 Water Street, Suite 2500
New York, NY 10038
Telephone: (212) 232-1300
Facsimile: (212) 232-1399

and

William Archer (CA Bar No. 133068)
(Pending application for admission pro hac vice)
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Counsel for Plaintiff Ashanti Douglas (pka
"Ashanti")